### S. S. GILBERT v. THE STATE.

#### No. 3771. Decided November 17, 1915.

#### Rehearing denied January 5, 1916.

**1.—False Imprisonment—Venue—Charge of Court.**

Where, upon trial of false imprisonment, the evidence disclosed that there were twenty-eight sections of land in one inclosure, lying across the line of

Val Verde and Sutton Counties, and defendant undertook to show that the offense, if any, was committed in Sutton and not in Val Verde County, and the court submitted this issue to the jury, there was no reversible error on that ground.

### 2.—Same—Evidence—Trespass—Right of Entry.

Where, upon trial of false imprisonment, all of the twenty-eight sections of land upon one of which the offense was committed were in one inclosure with no cross-fences, and the question of trespass upon another's property could not arise as all the parties had the right of entry, the defendant's offer of testimony that a certain one of these sections upon which the offense was committed was not in the legal possession of prosecuting witness, was inadmissible.

### 3.—Same—Evidence—False Arrest—Justification.

Upon trial of false imprisonment there was no error in excluding testimony that the prosecuting witness, at the time of his arrest, was engaged in running the goats of the principal of the defendant which were in the latter's charge in said pasture, as this was no justification of the act of defendant in making the arrest, as he had no authority to do so. Following Alford v. State, 8 Texas Crim. App., 545.

### 4.—Same—Rule Stated—Private Citizen—Arrest.

No person other than an officer can make an arrest, unless a felony or breach of the peace is committed in his presence or within his view. Following Mundine v. State, 37 Texas Crim. Rep., 5, and other cases.

### 5.—Same—Evidence—Mitigation of Punishment—Rule Stated—False Imprisonment.

It is only in those character of cases and where one acts upon the impulse of the moment in making a false arrest that the wrongful act of the person arrested can be pleaded in mitigation of the punishment, and where such wrongful act of the person arrested had been before committed and condoned by the defendant, and the defendant and his companions waylaid and ambushed the person they arrested with deadly weapons and undertook to take the law into their own hands, he could not avail himself thereof. Distinguishing Staples v. State, 14 Texas Crim. App., 136.

### 6.—Same—Rule Stated—False Imprisonment—Proof Necessary.

All the prosecution has to prove is the imprisonment, for that is presumed to be unlawful until the contrary is shown, and it is for the defendant to justify it by proving that it was lawful. Following Kirbie v. State, 6 Texas Crim. App., 60.

### 7.—Same—Sufficiency of the Evidence—False Imprisonment.

Where, upon trial of false imprisonment, there was no evidence introduced or offered tending to show that the alleged arrest was lawful, or that defendant had any authority to make it, and the record as a whole showed that the rejected evidence offered by defendant would not tend to show any ground for mitigation of the punishment, the conviction is sustained.

### 8.—Same—Misconduct of Jury—Punishment.

Where appellant complained that the jury, in deciding what punishment they would assess, discussed the fact that if only a pecuniary fine was assessed against the defendant his principal would likely pay it, and in order to be sure that he received some punishment they also assessed a jail penalty, this was not receiving additional testimony, and there was no reversible error.

Appeal from the County Court of Val Verde. Tried below before the Hon. J. Q. Henry.

Appeal from a conviction of false imprisonment; penalty, a fine of $100 and one month confinement in the county jail.

The opinion states the case.

*Cornell & Wardlaw, John J. Foster,* and *Ramsey, Black & Ramsey,* for appellant.—On question of mitigation of punishment: Newburn v. Durham, 32 S. W. Rep., 112; Pincham v. Dick, 70 S. W. Rep., 333; Karner v. Stump, 34 S. W. Rep., 656; Landrum v. Wells, 7 Texas Civ. App., 625; Formwalt v. Hylton, 66 Texas, 288; Neall v. Hart, 115 Pa. St., 347; Staples v. State, 14 Texas Crim. App., 136; Kirbie v. State, 6 Texas Crim. App., 60.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of false imprisonment: Branch's Crim. Law, 440, 456, 457.

On question of arrest without warrant: Mundine v. State, 37 Texas Crim. Rep., 5.

On question of proof of false imprisonment: Maner v. State, 8 Texas Crim. App., 361; Smyth v. State, 51 Texas Crim. Rep., 408; Kirbie v. State, 6 Texas Crim. App., 60.

On question of menaces made toward defendant: Harkins v. State, 6 Texas Crim. App., 452.

On question of trespass: Terrell v. State, 37 Texas, 442; Gay v. State, 58 Texas Crim. Rep., 472.

HARPER, JUDGE.—Appellant was convicted of the offense of false imprisonment, and his punishment assessed at a fine of $100 and imprisonment in the county jail for one month.

The statement of facts is rather brief, but in the bills of exception, a number of which were filed, a rather wide range is sought to be given the testimony, and which testimony appellant claims the court erred in not admitting, (1) contending that it would justify his acts, but if not (2) the testimony should have been admitted in mitigation of the punishment to be assessed.

The whole record would disclose there were twenty-eight sections of land in one enclosure, lying across the line of Val Verde and Sutton Counties. Appellant undertook to show the offense, if any committed, was committed in Sutton and not Val Verde County. This issue was submitted to the jury, and they found against such contention. In this pasture were fifteen sections of land belonging to D. K. McMullen, Frank Cox, the prosecuting witness being in the employ of McMullen; that J. A. Jackson owned thirteen sections in the enclosure, and appellant, Gilbert, and Leifeste were in the employ of Jackson. McMullen had cattle and horses in the pasture, and it was Cox's duty to look after McMullen's stock. Jackson had stock in the pasture also, including a herd of goats, and it was appellant's and Leifeste's duty to look after the stock of Jackson. On the day in question while Cox was riding horseback on section 13, which was a section within the enclosure known as the McMullen ranch, the defendant and one Leifeste stepped out

from behind a thicket or clump of cedar bushes, the said Leifeste with a rifle in his hand, and the defendant with a .45 caliber pistol in his hand, and the parties named presented and drew such weapons upon the witness Cox and called him a son-of-a-bitch, and demanded that he, the witness, should throw up his hands, with which demand the witness complied, and that they took away from witness a .45 caliber pistol and a .22 high powered long range rifle, and told witness that they were going to take him to Sonora and turn him over to the officers, and that he told them, "All right, take me if you can." That they did so take him to Sonora and turned him over to the officers.

Appellant desired to offer evidence that section 13 in this enclosure belonged to Jackson. We think under this record it would be immaterial to whom section 13 belonged. All of the twenty-eight sections were in one enclosure with no cross-fences, and the question of trespass upon another's property could not arise, for each of the parties would have the right to go into the pasture and look after the stock of the respective owners, regardless of which one of these men any one of the sections might belong. The question of trespassing on the land of another could not and would not arise.

It is also shown that appellant desired to prove that prosecuting witness Cox at the time the arrest was made, was engaged in running the goats of Martin. If he was doing so, this would be no defense or justification of the act of appellant in making the arrest, if he made one. He was not an officer, had no process for Cox, and it is only where one is detected in a felony that a private citizen is authorized to make an arrest. Article 259, C. C. P., so provides, and this court in construing said article has so held in Alford v. State, 8 Texas Crim. App., 545. The court correctly states: "The liberty of the citizen is as important as the interests of society. In fact, it is one of the fundamental purposes proposed to be subserved by the organization of society and government. The law provides the instrumentalities by which the personal liberty of the citizen may be restrained, temporarily or permanently, in the interests of society, and these exact instrumentalities must be evoked in case it be sought to effect such deprivation. No person other than an officer can make an arrest, unless a felony or breach of the peace is committed in his presence or within his view." See also Staples v. State, 14 Texas Crim. App., 136; Mundine v. State, 37 Texas Crim. Rep., 5. The rule is announced in these cases that though a person is committing a misdemeanor, is boisterous in one's place of business, the right of a private citizen to arrest does not arise. He would have the right to demand that they desist, and even use such force as may be necessary to eject them from his property, and prevent injury thereto, but not to arrest them and incarcerate the wrongdoer. The right of a private citizen to make an arrest is fixed by statute, and even though Cox was running Martin's goats, appellant would have no right to make an arrest, convey him to the county seat and have him incarcerated in jail. If Cox was running Martin's goats, as an employe of Martin, he would have the right to demand that he cease, and

use such force as necessary to accomplish that purpose, but no more, and when he arrested Cox and conveyed him to jail, he exceeded the rights the law gave him, and the arrest was illegal and wrongful. One can not justify his illegal and wrongful act by showing that the other party was also engaged in an illegal act.

But a more difficult question is presented when he contends that he had a right to introduce this evidence in mitigation of the punishment to be assessed against him. If one rides up on another injuring or seeking to injure his property, and in the heat of the moment he steps beyond the limits of the law, and arrests the offender, we are inclined to think he could show such facts in mitigation of the punishment to be assessed against him,—that he did so to prevent an injury to his property. (Staples v. State, 14 Texas Crim. App., 136.) But we think it would be only in those character of cases, and where one acts from the impulse of the moment in making an arrest, that such wrongful act of the person arrested can be plead in mitigation of the punishment. This case does not come within that character of case. If the allegations of the bills are to be accepted as true, Cox on a number of occasions before this instance had been running the goats of Martin, of which fact appellant and Leifeste were aware. No report had been made of this conduct to any officer, and no complaint filed against Cox for so doing, and on this occasion appellant and Leifeste stationed themselves behind a clump of bushes, one with a rifle and the other a pistol, and arrested Cox, deliberately undertaking to take the law into their own hands. Out of such conduct homicides occur, and the law can not lend its sanction to such conduct. If Cox was violating the law as appellant claims in the bills, the law prescribes a punishment, and prescribed the mode and method for appellant to proceed to have such punishment assessed against him, and which, doubtless, will be assessed, if Cox violated the law. His conduct on that occasion will be the issue when his case comes on for trial, and the fact that appellant illegally arrested him will furnish Cox no justification nor mitigation. The general rule is as stated by Mr. Archbald: "All the prosecution has to prove is the imprisonment, for that is presumed to be unlawful until the contrary is shown. It is for the defendant to justify it by proving that it was lawful." (2 Arch., 293; Kirbie v. State, 5 Texas Crim. App., 60.) There was no evidence introduced or offered tending to show that the arrest was lawful, or that appellant had any authority to make the arrest. And the record as a whole would tend to show that the evidence rejected as stated in the bills would not tend to show any ground for mitigation of the punishment, for the evidence would all tend to show, if admitted, that the arrest was not made to protect property, but for other reasons and purposes. These bills present no error.

The only other bill in the record complains that the jury in deciding what punishment they would assess discussed the fact that if only a pecuniary fine was assessed the ranch owner would likely pay it, and appellant receive no punishment, and in order to be sure that he re-

ceived some punishment they assessed a jail penalty. This was not receiving additional testimony, but was discussing a matter they had a right to consider, and the bill presents no error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 5, 1916.—Reporter.]